UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JEAN T. AMMONS HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00213-TWP-TAB |
| | ) | |
| PURDUE UNIVERSITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, DENYING OTHER PENDING MOTIONS, SCREENING COMPLAINT, AND ORDERING PLAINTIFF TO SHOW CAUSE

This matter is before the Court on *Pro se* Plaintiff Jean T. Ammons Harris Motion for Leave to Proceed in forma pauperis (Filing No. 2). Plaintiff filed this action on February 2, 2023[1] naming Purdue University, "The State," the Indiana Bureau of Motor Vehicles, the United States, and a person named "Seth" as defendants. (Filing No. 1). For the reasons set forth below, Plaintiff may proceed *in forma pauperis*.  and Court will dismiss the Complaint and permit Plaintiff one opportunity to file an amended complaint.

### I. DISCUSSION

#### A. Filing Fee

Plaintiff's motion for leave to proceed *in forma pauperis*, without prepaying fees or costs, (Filing No. 2) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without pre-

---

[1] Plaintiff filed four other actions the same day: *Ammons Harris v. Staples*, No. 1:23-cv-00210-SEB-MG; *Ammons Harris v. Middletown Property*, No. 1:23-cv-00211-SEB-KMB; *Ammons Harris et al., v. Tippecanoe County, et al.*, No. 1:23-cv-00212-JRS-TAB; and *Ammons Harris v. Microsoft.*, No. 1:23-cv-00215-JMS-MJD.  They remain pending. Plaintiff filed three cases in this Court in 2022, all of which were dismissed. *See America's Daily Hustler, et al., v. The State of Indiana*, No. 1:22-cv-00722-RLY-MJD (S.D. Ind. Feb. 7, 2023); *Ammons-Harris, et al. v. The State of Indiana*, No. 1:22-cv-00733-RLY-MJD (S.D. Ind. Feb. 7, 2023); *America's Daily Hustler, Inc., et al. v. Tinder's Match Group, et al.*, No. 1:22-cv-01900-SEB-MG (S.D. Ind. Nov. 29, 2022).

payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not have the authority to waive the filing fee, and it remains due despite Plaintiffs' *in forma pauperis* status. *Fiorito v. Samuels*, 2016 U.S. Dist. LEXIS 84869, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 U.S. Dist. LEXIS 106067, at *12 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

## B. Screening Standard

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The Court construes *pro se* complaints liberally and holds

them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

**C.   The Complaint**

Plaintiff's Complaint is scant on facts and any legal claims asserted are largely incomprehensible. Plaintiff states his claim, in total, as follows:

> If I had to file a claim for it being anything intolerable or invasive my right of way privacy was more prevalent. I have a better mind to put a charge for homicide but I just need a car. With as much time as I have in town, I really don't want to squabble or argue! Amongst having a contract depleted, my employment privileges are played with.

(Filing No. 1 at 5). Elsewhere in the Complaint, Plaintiff asserts "Failure to Yield, Invasion of Privacy, Arbitration of Criminal Action." (Filing No. 1 at 2).

The sparse recitals in Plaintiff's Complaint do not allow the Court to determine the nature of Plaintiff's claim. Nowhere does Plaintiff recite what particular actions each Defendant took, when they took them, where they took them, and how those actions even remotely violate the law. Plaintiff has failed to plead any factual content that allows the Court to draw a reasonable inference that any defendant is liable for misconduct.  As presented, the Complaint fails to state a claim upon which relief can be granted is therefore subject to dismissal.

**D.   The Motions**

Plaintiff's Motion for Trial on Mar. 25th (Filing No. 3) and Motion for Trial on March 1st, 2023 (Filing No. 4) appear to request that the Court schedule a trial on those dates. These motions are premature and must be denied.

**D.   Opportunity to Show Cause**

Plaintiff shall have through **Wednesday, March 8, 2023** by which to show cause why judgment consistent with the Entry should not issue.  *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an

order to show cause, an [*in forma pauperis*] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Plaintiff elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended complaint must identify what legal injuries Plaintiff claims to have suffered, what persons are responsible for each such legal injury and when and where each legal injury occurred; (d) the amended complaint must sufficiently establish this Court's subject matter jurisdiction, and (e) the amended complaint must include the case number referenced in the caption of this Entry.

## II. <u>CONCLUSION</u>

For the reasons stated above, Plaintiff's Request to Proceed in District Court Without Prepaying the Filing Fee (**Filing No. 2**) is **GRANTED**. Plaintiff's motions for trial (**Filing Nos. 3 and 4**) are **DENIED**. Having screened the Complaint, the Court finds it is subject to dismissal for failure to state a claim upon which relief can be granted. Plaintiff is granted leave to file an amended complaint by no later than **Wednesday, March 8, 2023**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

SO ORDERED.

Date: 2/9/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JEAN T. AMMONS HARRIS
5651 Rawles Avenue
Indianapolis, IN 46219